IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE DURAN | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv479 |
| LASHAWNDA FISHER, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jose Duran, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* in this matter.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, at least four of plaintiff's prior lawsuits or appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] As a result, plaintiff may only proceed with this lawsuit on an *informa pauperis* basis if he was in imminent danger of serious physical harm on the day he filed this lawsuit.

---

[1] *Duran v. Townsend*, No. 9:88cv106 (E.D. Tex. Sept. 1, 1988); *Duran v. Lymaugh*, 89-2504 (5th Cir. Oct. 10. 1989); *Duran v. Crow*, No. 6:89cv717 (E.D. Tex. Sept. 30, 1991); *Duran v. Merillat*, No. 9:96cv130 (E.D. Tex. Oct. 30, 1996).

To meet his burden of showing that he is in imminent danger, plaintiff must allege specific facts demonstrating an ongoing physical injury, or a pattern of misconduct that is likely to cause imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet plaintiff's burden. *White v. Colorado*, 157 F.3d 1231-32 (10th Cir. 1998). Further, allegations of past harm do not suffice as a basis for an exception to the bar imposed by Section 1915(g). Instead, the harm must be imminent or occurring at the time the complaint or notice of appeal is filed, and the exception refers to "genuine emergencies" where "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

Plaintiff asserts various complaints about the medical care he has received and the conditions of his confinement. Some of his complaints date back several years. None of his complaints demonstrate plaintiff was in imminent danger of serious physical injury at the time he filed this lawsuit. He is therefore barred from proceeding with this lawsuit on an *in forma pauperis* basis.

## Recommendation

This lawsuit should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Objections must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 21st day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge